

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

LAKIESHA T. PARKER and
DONALD L. PARKER

versus                                               CIVIL ACTION NO. 08-1622
                                                                JUDGE TOM STAGG

ROBERT H. SHEMWELL and
KATHY KIEFER

## MEMORANDUM RULING

Before the court is a motion to dismiss for failure to state a claim pursuant to Federal Rules of Procedure 12(b)(5) and 12(b)(6) filed by defendants Robert H. Shemwell and Kathy Kiefer ("the defendants"). See Record Document 21. Based on the following, the defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

The plaintiffs, Lakiesha T. Parker and Donald L. Parker ("the Parkers"), filed suit in the Alexandria Division of the Western District of Louisiana regarding a failed real estate transaction in Natchitoches, Louisiana. See Civil Action No. 08-0184. The Parkers allege that on April 3, 2008, Magistrate Judge James D. Kirk denied their motion for an order directing the United States Marshal to serve several defendants in their case. Magistrate Judge Kirk denied the Parkers' motion as premature, first

requiring them to utilize the waiver of service procedure. See Civil Action No. 08-0184, Record Document 13. His order further provided that the plaintiffs could "ask the court to order the Marshal to serve, at defendant's expense, any defendant who does not return the waiver of service of process form in 30 days." Id.

The Parkers also assert that on June 17, 2008, Magistrate Judge Kirk denied their motion to request service by the marshal. In his order, Magistrate Judge Kirk stated: "Plaintiffs must comply with the instructions provided to them by the Clerk on June 5, 2008." Civil Action No. 08-0184, Record Document 29. The Parkers allege that they mailed to the clerk proof of service in the form of five return receipts. They contend that these return receipts should have been scanned into the record of their case, but were not.

The Parkers then filed the instant suit in the Eastern District of Louisiana, without representation by counsel, against Robert H. Shemwell, Clerk of Court for the United States District Court for the Western District of Louisiana, and Kathy Kiefer, a docket clerk employed by the United States District Court for the Western District of Louisiana, asserting that the defendants did not properly "scan" documents which they sent to the court to be filed in the action they had pending in the Western District. See Record Document 1. The Parkers assert as their causes of action the obstruction of United States mail, 18 U.S.C. § 1701, the obstruction of mail

correspondence, 18 U.S.C. § 1702, and conspiracy under 18 U.S.C. § 371. After the matter was transferred to the Western District of Louisiana, the defendants then filed the instant motion to dismiss the Parkers' complaint. See Record Documents 14, 15 and 21.

## II. LAW AND ANALYSIS

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., at ---, 127 S. Ct. at 1965 (quotation and citation omitted).

Pro se complaints are held to less stringent standards than those applied to pleadings drafted by attorneys. See Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). Whether a complaint is written by a pro se plaintiff or drafted by an attorney, it shall not survive a motion to dismiss if based on conclusory allegations or legal conclusions presented as facts. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

The Parkers' complaint provides, in pertinent part:

> Now from the Parker family understanding that every piece of mail or documents that concern the Parker family is suppose to be scan to the Parker family file. But somehow some way the Hon. Dee D. Drell did not see no proof of what the Parker family sent in. So in regards of that the Parker family would like to bring a suit against Robert H. Shemwell Clerk of Court and Kathy Kiefer Docket Clerk. For $1,200,000.00 for each person in the Parker family plus a 33 1/3 interest on the monetary relief. An here are some U.S.C. that the Parker family can help describe what's going on.

Record Document 1 at 3 [sic]. The Parkers then cite the following: (1) tampering under 18 U.S.C. § 1701, (2) obstruction of correspondence under 18 U.S.C. § 1702, and (3) conspiracy under 18 U.S.C. § 371. See Record Document 1.

The defendants contend that the Parkers's complaint fails to state a cause of action for three reasons: (1) the complaint fails to state with particularity the defendants' responsibility to scan the receipts; (2) the plaintiffs do not specify how the alleged failure to scan the return receipts caused them any harm; and (3) the plaintiffs rely upon criminal statutes that provide no avenue for relief in a civil action. See Record Document 21 at 7. The court agrees with all of the defendants' contentions but finds the third argument most persuasive.

Even if the Parkers's complaint is liberally construed as an attempt to bring a private cause of action under federal criminal statutes, their attempt fails. In order for a private right of action to exist under a criminal statute, there must be a "statutory

basis for inferring that a civil cause of action of some sort lay in favor of someone." Cort v. Ash, 422 U.S. 66, 79, 95 S. Ct. 2080, 2088 (1975). There is no indication that the above-cited statutes are anything more than "bare criminal statute[s]." Id. at 79-80, 95 S. Ct. at 2088-89. For example, 18 U.S.C. § 371 is a federal statute which imposes criminal liability upon persons convicted of conspiring to commit an offense, including fraud, against the United States or any agency of the United States. Furthermore, the Parkers do not allege that either defendant acted in concert with the other for any such purpose.

In this case, the Parkers's complaint must be dismissed under Rule 12(b)(6). The complaint fails to state a federal claim under the broadest reading. The statutes do not create a civil cause of action to which the Parkers are entitled, nor are they otherwise applicable in this case. Accordingly, all claims by the Parkers should be dismissed.[1]

---

[1] The defendants contend, in the alternative, that should the plaintiffs be attempting to assert a claim under Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), the claim would fail, as the Parkers failed to allege that the defendants violated a clearly established constitutional right. The defendants further assert that any claim for negligence that might be asserted by the complaint would be barred by the Federal Tort Claims Act, 28 U.S.C. § 1346(b), as the plaintiffs have not exhausted their administrative remedies. Finally, the defendants contend that any claims against Shemwell or Kiefer in his or her individual capacity should be dismissed for lack of proper service. The court does not believe any of these claims have been adequately asserted by the Parkers. However, if the claims had been properly

Construing the Parkers's allegations in the light most favorable to them and taking all facts pleaded in their complaint as true, it is clear that the Parkers' suit against the defendants must be dismissed for failure to state a claim. Accordingly, the defendants' motion to dismiss (Record Document 21) is **GRANTED.**[2]

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 28th day of January, 2009.

JUDGE TOM STAGG

---

asserted, the defenses provided by the defendants would result in their dismissal.

[2]The defendants also contend, in the alternative, that they are entitled to qualified immunity. As the court has determined that the Parkers's claims should be dismissed for failure to state a claim, there is no need to reach this argument. However, a clerk of court and his deputies are entitled to qualified immunity involving routine actions. See Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001). Had this defense been necessary, the court would have found the defendants to have been entitled to its use.